UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHANEL HUDSON,**<br>　　　Plaintiff,<br><br>vs.<br><br>**PERFORMANT RECOVERY, INC.;**<br>**and DOES 1 through 10, inclusive,**<br>　　　Defendant. | **Civil Action No.:** |

### COMPLAINT AND DEMAND FOR JURY TRIAL

#### *I. INTRODUCTION*

1. This is an action for actual and statutory damages brought by Plaintiff, Chanel Hudson, an individual consumer, against Defendant, Performant Recovery, Inc., for violations of the law, including, but not limited to, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA''), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

#### *II. JURISDICTION*

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

#### *III. PARTIES*

3. Plaintiff, Chanel Hudson, is a natural person with a permanent residence in the state of New Jersey.

4. Upon information and belief, the Defendant, Performant Recovery, Inc. is a foreign corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 333 North Canyons Parkway, Suite 100, Livermore, Alameda County, California 94551. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

6. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

7. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, contacted Plaintiff and lied to her, threatening to sue her, garnish her wages, take all of her assets, and have the FBI do an investigation into her, when it knew it would not and/or could not do any of the above threatened action itself, and that Plaintiff had done nothing criminal in regard to the alleged debt.

8. Upon information and belief, within one year prior to the filing of this complaint, Defendant demanded immediate payment from Plaintiff within the first thirty (30) days from its initial communication with Plaintiff without telling her that she still had an opportunity to seek validation of and/or dispute the alleged debt, and thereby overshadowed said rights of Plaintiff under the FDCPA.

9. Upon information and belief, within one year prior to the filing of this complaint, Defendant, in a communication left for Plaintiff in a voicemail, did not state it was a debt collector, attempting to collect on a debt, and that any information obtained would be used for that purpose.

10. The natural consequences of Defendant's statements and actions were to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owed.

11. The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

12. The natural consequences of Defendant's statements and actions were to cause Plaintiff mental distress.

## V.  CLAIM FOR RELIEF

13. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

14. Defendants violated the FDCPA.  Defendants' violations include, but are not limited to, the following:

(a) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

(b) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

(c) Defendant violated *§1692e(4)* of the FDCPA by giving the false representation or implication that nonpayment of the alleged debt will result in the garnishment of wages of any person when such action is unlawful and the Defendant does not intend to take such action; and

(d) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that the Defendant does not intend to take and/or the Defendant cannot legally take; and

(e) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

(f) Defendant violated *§1692g(b)* of the FDCPA by overshadowing or being inconsistent with the disclosure of the consumer's rights to dispute the debt or request the name and address of the original creditor; and

(g) Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in the oral communications with Plaintiff that the communications were from a debt collector, and that the debt collector was attempting to

      collect a debt, and that any information obtained would be used for that purpose, when said communications were not formal pleadings.

15. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

16. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Chanel Hudson, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, Performant Recovery, Inc., for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA.

B. Actual damages.

C. Statutory damages.

D. Costs and reasonable attorney fees.

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

F. For such other and further relief as the Court may deem just and proper.

///

///

///

///

## VI. DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Chanel Hudson, demands trial by jury in this action.

DATED: October 16, 2012

        RESPECTFULLY SUBMITTED,
        By: /s/ Michael Peter Doelfs
        Michael Peter Doelfs, MD2509
        Price Law Group, APC
        15760 Ventura Boulevard,
        Suite 1100
        Encino, CA 91436
        Phone: (818) 907-2030
        Fax: (818) 205-2730
        michaeldoelfs@hotmail.com

        *Attorney for Plaintiff,*
        Chanel Hudson